**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4181**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALBERTO ARREDONDO-GARCIA,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta Copeland Biggs, District Judge.  (1:15-cr-00338-LCB-2)

Submitted:  September 13, 2016    Decided:  September 16, 2016

Before TRAXLER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto Arredondo-Garcia pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2012). The court ultimately sentenced Arredondo to 97 months in prison. Arredondo's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous issues for appeal, but questioning whether Arredondo's guilty plea was knowing and voluntary. Although advised of his right to do so, Arredondo has not filed a pro se supplemental brief. The Government has declined to file a responsive brief. We affirm.

Because Arredondo did not move in the district court to withdraw his plea, we review the guilty plea hearing for plain error. United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Arredondo must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). A defendant meets this burden in the guilty plea context by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Our review

2

of the transcript of Arredondo's Fed. R. Crim. P. 11 hearing reveals no error—plain or otherwise—in the underlying plea colloquy. Rather, the court fully complied with the requirements of Rule 11, ensuring that Arredondo's plea was knowing, voluntary, and supported by an independent factual basis. We therefore conclude his guilty plea is valid and enforceable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We thus affirm the district court's judgment. This court requires counsel to inform Arredondo, in writing, of the right to petition the Supreme Court of the United States for further review. If Arredondo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Arredondo. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3